IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHERIE PHILLIPS, et al., | ) | Civ. No. 06-00628 SOM/KSC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER GRANTING IN PART AND |
| vs. | ) | DENYING IN PART DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT ON |
| SANDERSON BECK, et al., | ) | PLAINTIFF'S AMENDED COMPLAINT |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S AMENDED COMPLAINT

I.      INTRODUCTION.

Before the court is a motion for summary judgment on an amended complaint.

Plaintiff Cherie Phillips ("Phillips") and Defendant Sanderson Beck ("Beck"), both of whom appear pro se in this case, are book authors. Phillips's books are (1) Wisdom Bible of God ("Wisdom Bible of God"), (2) Stoic Doctrine, and (3) Stoic Encheiridion. Beck's books are (1) Wisdom Bible From Ancient China, India, Greece, the Middle East, and Rome ("Wisdom Bible From Ancient China"), (2) Life As A Whole: Principles of Education Based on a Spiritual Philosophy of Love ("Life As A Whole"), (3) The Art of Gentle Living ("Art of Gentle Living"), and (4) Confucius and Socrates: Teaching Wisdom ("Confucius and Socrates").

Phillips filed a Complaint on November 22, 2006, ("First Complaint") against Beck and Defendant World Peace

Communications ("World Peace"),[1] alleging copyright, trademark, and unfair competition claims.  The claims made in Phillips's First Complaint were limited to Beck's <u>Wisdom Bible From Ancient China</u> and Phillips's <u>Wisdom Bible of God</u>.  Beck moved for summary judgment on Phillips's First Complaint.

In the period from which Phillips filed her First Complaint and Beck moved for summary judgment, Phillips filed an Amended Complaint.  Amended Complaint of July 6, 2007 ("Amended Complaint").  The Amended Complaint--in addition to incorporating the claims made in the First Complaint--alleged copyright infringement against three other publications authored by Beck: (1) <u>Life As A Whole</u>, (2) <u>Art of Gentle Living</u>, and (3) <u>Confucius and Socrates</u>.

On October 9, 2007, this court granted Beck's motion for summary judgment on Phillips's claims relating to the alleged similarity of Beck's <u>Wisdom Bible From Ancient China</u> to Phillips's <u>Wisdom Bible of God</u>.  Order Granting Defendant's Second Motion for Summary Judgment (Oct. 9, 2007) ("Oct. 9, 2007, Order").

On October 17, 2007, Beck moved for summary judgment ("Motion") on the remaining claims, arguing that Phillips's

---

[1] The Stoic Church of Philosophy is a named Plaintiff in the First and Amended Complaints, but is without counsel.  The court therefore construes all claims as asserted by Phillips only.  World Peace is also without counsel, and the court construes papers that Beck has filed as applicable only to Beck as an individual.

remaining copyright claims should be dismissed because there is no evidence of copying.  Phillips responds that Beck's copyright dates are fraudulent and that Beck copied Phillips.

Because the court determines that there is no evidence of copying by Beck with respect to <u>Life As A Whole</u> and <u>Confucius and Socrates</u>, the court grants Beck's Motion with respect to these two publications.[2]  Based on the record, the court is unable to determine whether Beck's <u>Art of Gentle Living</u> infringes on Phillips's copyright in <u>Stoic Encheiridion</u>.  Beck's Motion is, therefore, denied with regard to <u>Art of Gentle Living</u>.

II.     <u>LEGAL STANDARD.</u>

The court reviews the Motion under the Federal Rules of Civil Procedure as amended effective December 1, 2007.  As the amendments to the rules in issue here were stylistic only, the court relies on authorities construing the previous version of the applicable rules.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>see</u> <u>also</u> <u>Porter v. Cal.</u>

---

[2] The court noted in its Oct. 9, 2007, Order that Phillips's claim, alleging that Beck's <u>Confucius and Socrates</u> infringed on Phillips's copyright in her <u>Wisdom Bible of God</u>, might be precluded.  Oct. 9, 2007, Order at 28 n.4.

3

Dep't of Corr., 383 F.3d 1018, 1024 (9th Cir. 2004); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment must be granted against a party that fails to demonstrate facts to establish an essential element at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden initially falls upon the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted). The nonmoving party may not rely on the mere allegations in the pleadings and instead must "set forth specific facts showing that there is a genuine issue for trial." Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).

"A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); accord Addisu, 198 F.3d at 1134 ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in

4

order to defeat the summary judgment motion."). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134 (citation omitted). "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Arch'l Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citing Matsushita Elec. Indus. Co., 475 U.S. at 587).

III.     BACKGROUND FACTS.

The factual background of this case was summarized in this court's October 9, 2007, Order. Oct. 9, 2007, Order at 5-8. The background is incorporated into this order and supplemented as necessary.

Phillips has registered copyrights in Stoic Doctrine, with a publication date of May 1997, and Stoic Encheiridion, with a publication date of August 1997. See Exs. 1 & 2 (attached to the Amended Complaint). According to Phillips, Stoic Encheiridion "is a hybrid combination of religion and philosophy that functions as a handbook which contains explanations with applications of the STOIC DOCTRINE." Amended Complaint at 31.

Phillips alleges that, on or about May 29, 2007, Phillips discovered Beck's Life As A Whole on Beck's website. Phillips says Beck's publication has extensive similarities to

Phillips's Stoic Encheiridion. Id. at 28. Phillips contends that, although Life As A Whole shows a copyright date of 1987, this date is "clearly fraudulent" because Life As A Whole contains elements similar to those found in Stoic Encheiridion. Phillips further argues that Beck's Art of Gentle Living demonstrates "extensive copying" of Stoic Encheiridion and "fraudulently shows" a copyright date of 2005, when it is actually "about 2007." Id. Lastly, Phillips claims that Beck's Confucius and Socrates was published "on or about 2007" and contains text from Beck's Wisdom Bible From Ancient China, thereby allegedly infringing on Phillips's copyright in her Wisdom Bible of God. See id. At 29-30.

Phillips alleges that Beck "has an unhealthy OBSESSION with PHILLIPS' works." Phillips seeks both injunctive relief and damages. Id. at 34-35.

Beck seeks summary judgment on these claims, arguing that "[t]here is still no evidence that Beck copied anything from the work of Phillips." Motion at 4. Beck "affirm[s] under penalty of perjury" the following copyright dates for the works at issue: (1) 1987 for Life As A Whole, (2) 2005 for Art of Gentle Living, and (3) 2006 for Confucius and Socrates. Along with his Motion, Beck submitted copies of these three books to the court but failed to serve Phillips with these publications, as required by Rule 5(a) of the Federal Rules of Civil Procedure.

The court ordered Beck to immediately serve Phillips with the books sent to the court.  See Order Compelling Defendant Sanderson Beck to Serve Copies of His Books on Plaintiff Phillips (Oct. 30, 2007) ("Order Compelling Beck").  Beck refused to serve Phillips with Life As A Whole and Art of Gentle Living, claiming that Phillips had already purchased the books.  Defendant Beck's Reply to the Court's Compelling Order (Nov. 9, 2007) ("Beck's Reply") at 1-2.  Beck did, however, serve Phillips with Confucius and Socrates.  Id.  Because Beck did not serve Phillips with Life As A Whole and Art of Gentle Living, the court strikes these publications from the record.  The court does not consider the physical copies of these books at all in ruling on Beck's present Motion.[3]

This court determines that there is no genuine issue of material fact that Beck's Life As A Whole does not infringe on

---

[3] Beck "objects to being subjected to the stress of being threatened with punishment," arguing that, if the contested piece were an "art object," he would not be "'compelled' to provide extra copies for the plaintiff."  Beck's Reply at 2-3. Beck's analogy, however, is inapposite.  If the contested piece were a work of art, the work itself would likely be brought to court during a hearing or trial.  In this context, the court and the opposing party would both have the same access to the object. Photographs of the object might well be given to both the court and the opposing party.  Requiring that a party serve the opposing party with the same exhibits served on the court ensures that the court and all parties have equal access to evidence that the court will consider.  Beck has flouted the court's requirements by not serving Phillips.  Such service is required regardless of whether an opposing party can purchase an item. Service is not excused by anything that may or may not have been decided by the Magistrate Judge in resolving any discovery dispute.  The court's concern here goes not to discovery but to service of matters filed with the court.

Phillips's copyright in Stoic Encheiridion, given Beck's earlier publication date.  Because there is insufficient evidence in the record to determine whether Beck's Art of Gentle Living infringes on Phillips's Stoic Encheiridion, the court leaves for trial the genuine issues of material fact on this claim.  Lastly, this court determines that Phillips's claim concerning Beck's Confucius and Socrates is precluded by the October 9, 2007, Order.

Accordingly, the court grants Beck's Motion with regard to Life As A Whole and Confucius and Socrates, but denies Beck's Motion with respect to Art of Gentle Living.

IV.     ANALYSIS.

"A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991)). Because Phillips's ownership of valid copyrights is not disputed, the court turns to the second inquiry.  "Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'"  Three Boys Music Corp. v. Bolton, 212 F.3d 477, 481 (9th Cir. 2000).  Thus, to

establish her claim for copyright infringement, Phillips must prove both access and substantial similarity.

Proof of access "requires 'an opportunity to view or to copy plaintiff's work.'" Id. at 482. "This is often described as providing a 'reasonable opportunity' or 'reasonable possibility' of viewing the plaintiff's work." Id. Reasonable access is "more than a bare possibility," and the Ninth Circuit recognizes that "distinguishing a 'bare' possibility from a 'reasonable' possibility" can "present a close question." Id. Reasonable access can be established by circumstantial evidence when either "(1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work (such as through dealings with a publisher or record company), or (2) the plaintiff's work has been widely disseminated." Id. at 482.

"To determine whether two works are substantially similar, a two-part analysis--an extrinsic test and an intrinsic test--is applied." Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003). "At summary judgment, courts apply only the extrinsic test; the intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." Funky Films, Inc., 462 F.3d at 1077. Summary judgment is appropriate only if "no reasonable juror could find substantial similarity of ideas and expression, viewing the evidence in the

9

light most favorable to the nonmoving party." Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996). A "plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests." Funky Films, Inc., 462 F.3d at 1077.

Phillips alleges that Beck's works, Life As A Whole and Art of Gentle Living, are substantially similar to her Stoic Encheiridion. Specifically, Phillips lists the following objective elements as demonstrating substantial similarity:

> (a) Plot. This work is written in prose, with the purpose of guiding others with sacred wisdom, and giving advice to be followed by the reader. . . . (b) Theme. Applied "sacred wisdom" in virtually every field of religion and philosophy . . . . (c) Dialogue. The author is speaking to the reader. (d) Mood. Sacred text of the hybrid combination of religion and philosophy sets the mood. . . . (e) Setting. The work takes place in a present-day analysis with application of present, past, and future wisdom with extensive and broad topics. (f) Pace. The topics and sub-topics are relatively short, and range in length from a single paragraph to several pages. (g) Characters. The author is the narrator who conveys worldwide wisdom with creative ideas and concepts. (h) Sequence of Events. Applied STOIC DOCTRINE is conveyed in running topics and sub-topics of worldwide wisdom, and an analysis of feelings and emotions.

Amended Complaint at 32-33. Further, Phillips argues that Beck's Life As A Whole and Art of Gentle Living share a similar typeset with Phillips's Stoic Encheiridion, and Phillips's work must thus

"be the source from which Mr. BECK copied." Id. at 33. In her last claim, Phillips says that, because the Appendix of Beck's Confucius and Socrates contains text from Beck's Wisdom Bible From Ancient China, Confucius and Socrates also infringes on Phillips's copyright in Wisdom Bible of God. Id. at 29-30. Phillips disputes Beck's copyright dates in these three books. Id. at 29-31.

Beck argues that he is entitled to summary judgment on Phillips's claims for copyright infringement because "[t]here is no evidence that Beck copied anything from the work of Phillips" and that the books "are not even similar except in some general ideas." Motion at 4. Phillips responds that Beck "maliciously copied the sacred title and sacred texts from [her] sacred books of the Stoic religion" and claims that Beck's copyright dates are fraudulent. Opp'n at 2, 4.

Because Phillips has alleged three separate claims of copyright infringement, this court analyzes each claim separately. The court, however, employs the same test for copyright infringement, as set forth by the Ninth Circuit.

        A.    Beck's Life As A Whole Does Not Infringe On Phillips's Copyright In Stoic Encheiridion.

At the summary judgment stage, courts will consider any evidence that conforms to Rule 56 of the Federal Rules of Civil Procedure. Block v. City of Los Angeles, 253 F.3d 410, 419 (9th Cir. 2001); see also Fraser v. Goodale, 342 F.3d 1032, 1036 (9th

11

Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents."). In addition, "[t]he court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt." Layaoen v. Haw. Parole Auth., Civ. No. 06-00586 SOM/KSC, 2006 WL 3246619, at *1 (D. Haw., Nov. 7, 2006). Even applying those liberal principles, the court concludes that Phillips fails to raise a genuine issue of fact as to whether Beck's Life As A Whole was published in 1987.

     Beck "affirm[s] under penalty of perjury" that Life As A Whole has a copyright date of 1987. Motion at 2, 8. This court considers the factual statements in his memoranda as evidence for purposes of the present motion.

     Phillips argues that Beck's "copyright dates are fraudulent" and that he "has provided 'no' evidence to support any of his copyright dates." Opp'n at 4. Specifically, Phillips alleges that Beck "purchased a fraudulent remainder ISBN number to support his fraudulent earlier copyright date," and that Beck's publisher, Coleman Publishing, is "out-of-business." Id. Phillips's conclusory allegations, however, fail to raise a genuine issue of material fact regarding Beck's publication date. See State ex. Rel. Dep't of Transp. v. United States ex. Rel. Dep't of Transp., 561 F.2d 731, 733 n.4 (9th Cir. 1977) ("Conclusory allegations, unsupported by factual data, do not

create a triable issue of fact."). Rule 56(e) of the Federal Rules of Civil Procedure states that "an opposing party may not rely merely on allegations or denials." Instead, any admissible evidence that the opposition submits must be made on "personal knowledge." Fed. R. Civ. P. 56(e). Phillips fails to provide any admissible evidence disputing Beck's publication date. The problem is not simply with the form of the evidence she presents but with the lack of personal knowledge or even of any reference to someone else with personal knowledge of a fraudulent publication date. There is thus, on the present record, no genuine dispute that <u>Life As A Whole</u> was published in 1987.

Because Phillips's <u>Stoic Encheiridion</u> was first published in 1997, <u>see</u> Ex. 2 (attached to Amended Complaint), while Beck's <u>Life As A Whole</u> was published ten years earlier, Phillips has failed to set forth facts to establish an essential element of her copyright claim. <u>Celotex Corp.</u>, 477 U.S. at 323. To prevail on her copyright claim, Phillips must prove both access and substantial similarity. Here, Phillips is unable to demonstrate Beck's access to her work because Beck would not have had an "opportunity to view or copy" <u>Stoic Encheiridion</u> when <u>Life As A Whole</u> was published ten years earlier.

The court grants Beck's Motion with respect to <u>Life As A Whole</u>.

>    B.  There Remain Genuine Issues of Material Fact On Whether Beck's <u>Art of Gentle Living</u> Infringes On <u>Phillips's Copyright In </u>Stoic Encheiridion.

Phillips suggests that Beck had access to her <u>Stoic Encheiridion</u>, available on her website. Amended Complaint at 33. Phillips also alleges that there are many similarities between Beck's <u>Art of Gentle Living</u> and her <u>Stoic Encheiridion</u>. <u>See</u> Amended Complaint at 32-33.

In his Motion, Beck asserts that <u>Art of Gentle Living</u> was published in 2005, and that it does "not show any similarity in expression to any of [Phillips's] writings." Motion at 4.

Construing this evidence in the light most favorable to Phillips, the court concludes that a reasonable jury could find that Beck had a reasonable opportunity to view Phillips's work before creating his book. <u>See</u> <u>Porter</u>, 419 F.3d at 891; <u>Campbell</u>, 319 F.3d at 1166. Beck's <u>Art of Gentle Living</u> was published after Phillips's <u>Stoic Encheiridion</u>, and Phillips alleges that Beck could have accessed her book on her website. Beck fails to dispute this point in his Motion and fails to carry his summary judgment burden regarding whether he had access to Phillips's <u>Stoic Encheiridion</u> before publishing his <u>Art of Gentle Living</u>.

However, because "[n]o amount of proof of access will suffice to show copying if there are no similarities," the court turns to whether the two books are substantially similar. <u>See</u>

14

Funky Films, Inc., 462 F.3d at 1081; see also Three Boys Music Corp., 212 F.3d at 485.

In his Motion, Beck does not specifically discuss the difference between Art of Gentle Living and Phillips's Stoic Encheiridion. Further, based on the record before the court, the court is unable to determine for itself without considerable effort whether Art of Gentle Living is, in fact, substantially similar to Stoic Encheiridion.

Beck argues that, even if his books are stricken from the record, the court can review his publications on his website. See Beck's Reply at 2. However, on his motion for summary judgment, Beck bears the burden of identifying for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc., 809 F.2d at 630. Under Local Rule 56.1(f), "the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties." While Phillips certainly will have the burden of proving her claim at trial, on Beck's motion, Phillips need only respond to what Beck raises. As Beck does not analyze particular parts of the Art of Gentle Living or provide any details going to alleged similarities, he does not satisfy a moving party's burden of persuasion.

Accordingly, Beck's motion for summary judgment on Phillips's claim that <u>Art of Gentle Living</u> infringes on her copyright in <u>Stoic Encheiridion</u> is denied, without prejudice to the filing of yet another motion addressing this issue.[4]

> C. Phillips's Claim That Beck's <u>Confucius and Socrates</u> Infringes On Her Copyright in <u>Wisdom Bible of God</u> Is Precluded By The October 9, 2007, Order.

Phillips alleges that Beck's <u>Confucius and Socrates</u> infringes on her copyright in <u>Wisdom Bible of God</u>. Specifically, because the appendix of <u>Confucius and Socrates</u> allegedly includes material from Beck's <u>Wisdom Bible From Ancient China</u>, which Phillips claims infringes on her copyright in <u>Wisdom Bible of God</u>, Phillips argues that <u>Confucius and Socrates</u> also infringes on Phillips's <u>Wisdom Bible of God</u>. Amended Complaint at 29-30.

Beck moves for summary judgment on <u>Confucius and Socrates</u>, arguing that it does "not show any similarity in expression" to Phillips's works. Motion at 3-4.

In its previous order, this court, having reviewed the contents of both <u>Wisdom Bible of God</u> and <u>Wisdom Bible From Ancient China</u>, determined that Phillips had not demonstrated "substantial similarity" between the two works establishing

---

[4] The court <u>sua sponte</u> extends the deadline for filing dispositive motions to January 11, 2008. This extension may require a trail continuance. Either party may call the Magistrate Judge's courtroom manager to request another scheduling conference.

copyright infringement. The court granted Beck summary judgment on this claim. Oct. 9, 2007, Order at 21. Moreover, the court noted that Phillips's claim concerning Beck's <u>Confucius and Socrates</u> might be precluded by its decision, but declined to address the claim because Beck had not included it in his motion. <u>Id.</u> at 29 n.4.

Beck now moves for summary judgment on this claim. Because Phillips's claim concerning <u>Confucius and Socrates</u> relies totally on her claim that Beck's <u>Wisdom Bible From Ancient China</u> infringes on Phillips's <u>Wisdom Bible of God</u>, <u>see</u> Amended Complaint at 29-30, the <u>Confucius and Socrates</u> claim fails. That claim is wholly derivative of the previous claim.

The court grants Beck's motion for summary judgment on Phillips's claim that <u>Confucius and Socrates</u> infringes on Phillips's copyright in <u>Wisdom Bible of God</u>.

V.      <u>Beck Cannot Recover Damages or Attorney's Fees.</u>

In his papers and at the hearing on the present Motion, Beck mentions claims for "libel." As no such claims have been pled in this case, the court provides no relief in that regard.

Beck also seeks attorney's fees. Attorney's fees are not recoverable for a pro se litigant's time. <u>See</u> <u>Kay v. Ehrler</u>, 499 U.S. 432, 435-38 (1991) (stating that "a <u>pro</u> <u>se</u> litigant who is <u>not</u> a lawyer is <u>not</u> entitled to attorney's fees" in civil rights cases, and finding that fees are not appropriate even when

the litigant is an attorney); see also Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 816 (9th Cir. 1985) (noting that "pro se litigants are not entitled to attorney's fees without express statutory authorization"). This is, of course, distinct from out-of-pocket costs that may be taxed under Rule 54(d) of the Federal Rules of Civil Procedure, but any such costs will only be considered after all claims have been disposed of.

VI.     CONCLUSION.

In light of the foregoing, the court grants in part and denies in part Beck's Motion for summary judgment on Phillips's Amended Complaint. Beck is granted summary judgment with respect to Phillips's claim that Beck's Life As A Whole infringes on her copyright in Stoic Encheiridion, as well as with respect to Phillips's claim that Beck's Confucius and Socrates infringes on her copyright in Wisdom Bible of God.

This order leaves for further adjudication Phillips's claim that Beck's Art of Gentle Living infringes on her copyright in Stoic Encheiridion.[5] If Beck intends to file another summary judgment motion concerning this claim, he must do so no later than January 11, 2008.

---

[5] As Phillips previously filed a premature appeal from a nonfinal court order, the court here reminds Phillips that she may not appeal as of right from every court order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 17, 2007.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

**Phillips, et al. v. Beck, et al., Civ. No. 06-00628 SOM/KSC; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S AMENDED COMPLAINT.**