IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHERIE PHILLIPS, et al., | ) | Civ. No. 06-00628 SOM/KSC |
| | ) | |
| Plaintiffs, | ) | ORDER REGARDING CORRESPONDENCE |
| | ) | FROM DEFENDANT SANDERSON BECK |
| vs. | ) | |
| | ) | |
| SANDERSON BECK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER REGARDING CORRESPONDENCE FROM DEFENDANT SANDERSON BECK

By a letter dated December 21, 2007, Defendant Sanderson Beck says, "I, Sanderson Beck, am no longer acting as my own attorney *pro se* in this frivolous and malicious lawsuit filed against me by Cherie Phillips.  I am no longer willing to do any more legal work on this case unless a court decides that the losing side will have to compensate me for the legal work I have done in this case.  I refuse to be a slave of the plaintiff and the courts and therefore am on strike until my equal right for compensation is legally recognized."

This letter appears to be a reaction to the court's recent order citing cases in which the Ninth Circuit has clearly stated that a pro se litigant may not recover attorney's fees. The court noted that, by contrast, a prevailing litigant, *pro se* or represented by counsel, may recover certain out-of-pocket costs.  Who ultimately is the prevailing party normally is determined at the conclusion of the entire case.

Beck appears to think that he can go on "strike" and that he will nevertheless prevail as a matter of justice. Beck misunderstands the court system. This lawsuit operates as part of the adversarial system. If a party chooses not to participate in that system, then the other party will, in all likelihood, prevail. Judges cannot stand in a nonparticipant's shoes and invent arguments or search out evidence for that nonparticipant. If Beck goes on "strike" and Phillips prevails, he will have waived arguments that he otherwise might make, and Phillips may even be deemed the prevailing party who is entitled to collect her out-of-pocket costs from Beck.

Moreover, Beck is mistaken if he thinks that this court is free to flout clearly applicable Ninth Circuit cases. This court is bound by decisions by the Ninth Circuit. Even if Beck were to ask the Ninth Circuit to reconsider its cases on the subject of attorney's fees, the matter would first be assigned to a panel of three Ninth Circuit judges, who would not have the power to overrule prior Ninth Circuit cases. Instead, that three-judge panel would have to follow those earlier cases, and only then could Beck seek en banc review in the Ninth Circuit or ask the United States Supreme Court to address the issue.

Despite Beck's complaints, Beck has so far prevailed, by way of summary judgment motions, on the bulk of Phillips's claims. The court declined to rule on a small portion of the

case because Beck had failed to carry his burden as the moving party of pointing the court to portions of <u>Art of Gentle Living</u> that supported his position.

Beck complains that the court struck from the record volumes that he had mailed to the court but not to his opponent. Beck says that he cannot afford to mail volumes to Phillips and that he should not be penalized for being poor. But in striking the volumes from the record, this court did nothing to disable Beck in pursuing his defense. As Beck himself pointed out, his books are available online, and Beck is perfectly free to point to online passages of his book in support of his position. Indeed, even after striking several physical volumes, the court proceeded to rule on the merits of most of Beck's summary judgment motion. Beck did not use the online version of his <u>Art of Gentle Living</u> in his moving papers, apparently expecting the court to search through hundreds of pages he had written and perform a task that he himself felt made him a "slave." In other words, absence of money has nothing to do with whether Beck may present his case to the court by way of motion. Beck's situation instead results from his unwillingness to make the effort of doing that which he seems to think the court should do for him.

Beck also notes that he cannot afford to attend a trial or bring witnesses to trial. If Beck prevails on all claims by way of motion, which the court has allowed him to argue over the

telephone, then there will be no trial, and, once again, lack of money will not disable Beck in any way.  If, on the other hand, Beck does not prevail on all claims by way of motion, this court will discuss with the parties what, if anything, might be a reasonable way to proceed at trial.  Witnesses sometimes appear by videoconference, although that is not normally the case with parties representing themselves.  That, however, is a matter that need not be addressed at present.

It appears to the court that, given the way the court has allowed the parties to proceed to date, lack of funds has not prevented either party from presenting its case.  Phillips has been granted *in forma pauperis* status, and so court fees are waived.  This may apply even to the cost of transcripts for appeal purposes (although such costs must be approved by the court, which will not approve such costs for premature appeals such as the one now pending).  If Beck were granted *in forma pauperis* status, the court would also waive fees the court normally charges, to the extent those fees are applicable to a defendant.  The court emphasizes that this waiver applies only to fees charged by the court, not by the postal service or by other entities.

At this point, Phillips's claims concerning <u>Art of Gentle Living</u> remain in issue, and Beck has a deadline of January 11, 2008, for filing a summary judgment motion concerning that

book.  If he goes on "strike," then that matter will be litigated at trial.  Beck is taking a very big risk if he thinks he can go on "strike" and still somehow be protected from a possible judgment against him.  While he may not have cash with which to pay a judgment, any judgment could be recorded against him and affect his credit.  Also, a recorded judgment might affect him years from now, when he may indeed have some assets.  A judgment against him would also make it impossible for him to bring a claim based on what he characterizes as Phillips's "malicious prosecution" of him.  A malicious prosecution claim has as a predicate a victory in the allegedly maliciously brought lawsuit.

While the court cannot predict how it will rule on any as-yet-unfiled summary judgment motion, if Beck does file a motion concerning <u>Art of Gentle Living</u> and include in his moving papers adequate support for his arguments, and if the court then grants that motion, the proceedings in this court will be concluded.

If Beck requires an extension of the January 11 deadline, he must make that clear.  Otherwise, the deadline will remain in effect.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, December 27, 2007.



                            /s/ Susan Oki Mollway
                            Susan Oki Mollway
                            United States District Judge

Cherie Phillips, et al. v. Sanderson Beck, et al.; Civil No. 06-00628 SOM/KSC; ORDER REGARDING CORRESPONDENCE FROM DEFENDANT SANDERSON BECK