IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHERIE PHILLIPS, et al., | ) | Civ. No. 06-00628 SOM/KSC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| vs. | ) | MOTION FOR SUMMARY JUDGMENT ON |
| | ) | THE ART OF GENTLE LIVING AND |
| SANDERSON BECK, et al., | ) | DISMISSING ALL CLAIMS AGAINST |
| | ) | WORLD PEACE COMMUNICATIONS |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON THE ART OF GENTLE LIVING AND DISMISSING
ALL CLAIMS AGAINST WORLD PEACE COMMUNICATIONS

I.      INTRODUCTION.

On January 11, 2008, Defendant Sanderson Beck moved for summary judgment ("Motion") on Plaintiff Cherie Phillips's Amended Complaint, which, among other things, alleged copyright infringement by Beck in his book The Art of Gentle Living ("Art of Gentle Living").

Plaintiff Cherie Phillips ("Phillips") and Defendant Sanderson Beck ("Beck"), both of whom appear pro se in this case, are book authors.

The court has before it Beck's motion for summary judgment on all claims relating to Art of Gentle Living, which are the only claims not previously disposed of by this court. Because the record reveals no genuine issue of material fact regarding whether Art of Gentle Living infringes on Phillips's copyrights in Stoic Encheiridion and the Stoic Doctrine

("Phillips's Publications"), Beck's Motion is granted.  Further, all claims against World Peace are dismissed.

II.        BACKGROUND FACTS.

The factual background of this case was summarized in this court's previous orders.  See Dec. 27, 2007, Order at 5-8; Oct. 9, 2007, Order at 5-8.  Those facts are incorporated into this order and supplemented here only as necessary.

Phillips has registered copyrights in Stoic Doctrine, which has a publication date of May 1997, and Stoic Encheiridion, which has a publication date of August 1997.  See Exs. 1 & 2 (attached to the Amended Complaint).  Phillips contends that Beck's Art of Gentle Living demonstrates "extensive copying" of Stoic Encheiridion and "fraudulently shows" a copyright date of 2005, when it is actually "about 2007."  Amended Complaint at 31.  Phillips also argues that Beck's Art of Gentle Living infringed on her copyright in Stoic Doctrine.  See id. at 30.

Beck seeks summary judgment on Art of Gentle Living, arguing that there is "no evidence that Beck copied anything from the works of Phillips."  Beck attached to his Motion a CD version of Art of Gentle Living.

On February 4, 2008, the court directed Beck to supplement his Motion by providing "citations to specific portions of the text, subject matters, or other examples to demonstrate that Phillips's claim relating to The Art of Gentle

2

Living cannot proceed to trial." Feb. 4, 2008, Order at 2. Beck failed to supplement his Motion. On March 21, 2008, Phillips filed her Opposition. ("Opp'n").

At the hearing, Beck argued that he could not supplement his Motion because Art of Gentle Living and Phillips's Publications were so dissimilar that the court was essentially asking Beck to "present evidence on the absence of evidence." Beck asserted that a quick look at the books would be sufficient to demonstrate that there is no evidence of copyright infringement. In addition, Beck responded to arguments raised in Phillips's opposition.

After considering the arguments made by both Phillips and Beck in their papers and at the hearing, as well as the evidence in the record, the court concludes that there is no indication that Phillips could carry her burden of proof as the plaintiff if this case went to trial. Beck's motion is therefore granted. Further, because Phillips's allegations against World Peace are predicated on Beck's alleged violations, and because the court has already determined that there is no evidence to support Phillips's allegations, Phillips's claims against World Peace are dismissed.

III.    LEGAL STANDARD.

The court incorporates here the summary judgment standard stated in previous orders filed in this case.

IV.      ANALYSIS.

   A.   Copyright Infringement.

"A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991)). Because Phillips's ownership of valid copyrights is not disputed, the court turns to the second inquiry.  "Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'"  Three Boys Music Corp. v. Bolton, 212 F.3d 477, 481 (9th Cir. 2000).  Thus, to establish her claim for copyright infringement, Phillips must prove both access and substantial similarity.

   Proof of access "requires 'an opportunity to view or to copy plaintiff's work.'"  Id. at 482.  "This is often described as providing a 'reasonable opportunity' or 'reasonable possibility' of viewing the plaintiff's work."  Id.  Reasonable access is "more than a bare possibility," and the Ninth Circuit recognizes that "distinguishing a 'bare' possibility from a 'reasonable' possibility" can "present a close question."  Id. Reasonable access can be established by circumstantial evidence

when either "(1) a particular chain of events is established between the plaintiff's work and the defendant's access to that work (such as through dealings with a publisher or record company), or (2) the plaintiff's work has been widely disseminated." Id. at 482.

Phillips alleges that Beck had a reasonable opportunity to view Phillips's book because it was placed on the internet "on or about the year 2001," which was before Beck published Art of Gentle Living. Opp'n at 9. Beck responds that he has never seen any of Phillips's publications prior to the present lawsuit. Construing this evidence in the light most favorable to Phillips, the court concludes that a reasonable jury could find that Beck had a reasonable opportunity to view Phillips's work before creating his book. See Porter v. California Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003). However, because "[n]o amount of proof of access will suffice to show copying if there are no similarities," the court turns to whether the two books are substantially similar. See Funky Films, Inc., 462 F.3d at 1081; see also Three Boys Music Corp., 212 F.3d at 485.

"To determine whether two works are substantially similar, a two-part analysis--an extrinsic test and an intrinsic test--is applied." Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003). "At summary judgment, courts apply only

the extrinsic test; the intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury." Funky Films, Inc., 462 F.3d at 1077. Summary judgment is appropriate only if "no reasonable juror could find substantial similarity of ideas and expression, viewing the evidence in the light most favorable to the nonmoving party." Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996). A "plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests." Funky Films, Inc., 462 F.3d at 1077.

Phillips alleges that Beck's Art of Gentle Living is substantially similar to her publications. Phillips lists the following objective elements as demonstrating substantial similarity:

> (a) Stoicism:
> evolution (which is not believed by Christianity)
> incorporates ideas and concepts from Encheiridion
>
> (b) Running topics
>
> (c) Combination of science, philosophy and theology
>
> (d) Current scientific concepts of the universe:
> Big Bang Theory
> spacetime
> physics

6

```
        (e) Massive copying of ideas and concepts:
        conscious mind reaches spiritual realm of the
        mind through prayer
        religious ritual
        divine wisdom
        concepts of prayer
        if you cannot sleep
        highest good is for yourself and others
        Phillips: Wisdom Spirit -- Beck: Spirit
        Wisdom
        virtues

        (f) Written in prose
```

Opp'n at 9-10.  Further, Phillips argues that both Stoic Encheiridion and Art of Gentle Living draw their ideas from similar sources, and she cites to portions of the texts that she alleges are similar.  Id. at 10.

For example, she notes that Stoic Encheiridion contains the following passage:  "§ 6.26. No one harms you without your consent; they can destroy your body, but they cannot destroy your soul."  Stoic Encheiridion at 10.  Art of Gentle Living includes a passage that reads "Although someone may take our property and injure or kill our bodies, they cannot harm who we really are as souls."  Art of Gentle Living at 60.

Phillips also alleges that both books speak about a "conscious self," which she says demonstrates that Art of Gentle Living copied Stoic Encheiridion.  See id. at 20; see also Exs. 8, 11 (attached to Opp'n).  According to Phillips, further evidence of copying is demonstrated by the fact that Beck refers to the conscious self as "captain of the ship" while Phillips

7

refers to it as "captain of your ship." However, Beck appears to have used this term not in the <u>Art of Gentle Living</u> but in his book <u>The Soul</u>, which is not at issue in this case. <u>See</u> Ex. 11 (attached to Opp'n).

At the hearing, Beck argued that the alleged similarities are so general and vague that they could not form the basis for copyright infringement. Further, Beck pointed to differences between his conception of "conscious self" and Phillips's conception of "conscious self-discipline." Beck noted that the term "captain of the ship" should not be at issue in this case because it does not come from <u>Art of Gentle Living</u>.

Many of the alleged similarities that Phillips lists are not afforded copyright protection. As stated in this court's previous order:

> Similarities in themes, which include wisdom, harmony, meditation, etc., the subject matter of Jesus Christ, and characters [are not subject to copyright protection]. When authors draw from the same sources, similarities between the works are inevitable, and such material is not protected under copyright. <u>Olson v. Tenney</u>, 466 F. Supp. 2d 1230, 1236 (D. Or. 2006) ("When 'common sources exist for the alleged similarities, or the material that is similar is otherwise not original with the plaintiff, there is no infringement.'") (quoting <u>Alexander v. Haley</u>, 460 F. Supp. 40, 45 (S.D.N.Y. 1978)); <u>cf.</u> <u>Sega Enter. Ltd. v. Accolade, Inc.</u>, 977 F.2d 1510, 1524 (9th Cir. 1992) ("Works of fiction receive greater protection than works that have strong factual elements, such as historical or biographical works.").

October 9, 2007, Order.  Thus, the fact that Beck and Phillips write about similar topics such as evolution, science, philosophy, theology, and other general subject matters is insufficient to sustain a claim of copyright infringement.  These general ideas are not protectable.

The lack of similarity of copyrighted material is highlighted by Phillips's ability to point to only a few specific passages as allegedly infringing.  These are discussed on page ten of her opposition.  But the passages only reflect similar ideas, not similar expression.  Both Phillips and Beck write about injury to the physical body, but not to the soul.  This similarity of ideas results from both authors' reliance on the same sources.  In fact, Beck expressly acknowledges that the ideas are not his own, attributing them to the philosopher Epictetus.  See Opp'n at 10.  Phillips cannot base a claim of substantial similarity on a common reliance by both Beck and Phillips on the same sources.  See Alexander, 460 F. Supp. 40 at 45.

Phillips asserts that, when Art of Gentle Living is read together with Phillips's Publications, the text "flows effortlessly" together.  See Opp'n at 7.  Contrary to this assertion, the court concludes that they are not similar in expression and employ different writing styles.  Phillips writes in shorter sentences and in a poetic style, whereas Beck writes

in a more straightforward, report-like manner. See, e.g., Ex. 8 (attached to Opp'n).

Lastly, the court agrees with Beck that his conception of "conscious self" differs from that of Phillips's. Phillips writes about a "conscious self-discipline," which along with other biological processes, affects the unconscious. Stoic Encheiridion at 21; see also Ex. 8 (attached to Opp'n). In contrast, Beck's conscious self is one of three selves--the other two being the spiritual self and the natural self--that forms a person's experience. See Ex. 8 (attached to Opp'n). That Phillips and Beck both use the term "captain of you/the ship" is irrelevant, as this term comes from another of Beck's publications, which is not at issue in this case. Nor is the metaphorical use of "captain" or "ship" original by any means to Phillips, and she does not even claim that it is.

Because Phillips's copyright infringement claim is largely based on ideas that are not subject to copyright protection, and because there is no similarity of expression between Art of Gentle Living and Phillips's Publications, the court concludes that nothing in the record demonstrates that Phillips can meet the burden she will have if the case goes to trial. Accordingly, the court grants Beck's motion.

Because all claims against Beck have been dismissed, the court also dismisses Phillips's claims against World Peace.

Phillips's allegations against World Peace are predicated on Beck's alleged violations. See Amended Complaint at 2, 12-13. Phillips fails to produce sufficient evidence to survive summary judgment on her claims against Beck and similarly cannot proceed to trial against World Peace on these claims. Philips's claims against World Peace are therefore dismissed.

      B.    <u>Compensation.</u>

In his Motion, Beck requests compensation in the form of reimbursement for expenses as well as attorney's fees for the legal work he has performed.

As the court stated previously in its December 17, 2007, Order, <u>pro se</u> litigants are not entitled to recover attorney's fees. <u>See</u> <u>Kay v. Ehrler</u>, 499 U.S. 432, 435-38 (1991); <u>see also</u> <u>Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 816 (9th Cir. 1985).

Beck may, however, be entitled to recover out-of-pocket costs under Rule 54(d) of the Federal Rules of Civil Procedure. Beck may submit a Bill of Costs to the Magistrate Judge pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.2, but only after Beck meets and confers with Phillips to resolve any disputes about the claimed costs. The court will permit the parties to confer via telephone, but any such meeting may <u>not</u> be entirely in writing.

V.      CONCLUSION.

In light of the foregoing, the court grants Beck's motion for summary judgment with respect to Art of Gentle Living. The court also dismisses all of Phillips's claims against World Peace Communications.  This leaves no pending claims.  The Clerk of Courts is directed to enter judgment for Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 9, 2008.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


**Phillips, et al. v. Beck, et al., Civ. No. 06-00628 SOM/KSC; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ART OF GENTLE LIVING AND DISMISSING ALL CLAIMS AGAINST WORLD PEACE COMMUNICATIONS.**